UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24827-LENARD/GOODMAN

DONALD E. MOYER,

    Plaintiff,

vs.

SOUTHWEST PLUMBING
SERVICES, INC., THOMAS
WATSON, and PAUL ROACHE,

    Defendants.

_____/

SETTLEMENT AGREEMENT
AND
GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") dated as of the 29 day of March, 2017, between DONALD E. MOYER ("Plaintiff") and SOUTHWEST PLUMBING SERVICES, INC. ("SPS"), THOMAS WATSON, and PAUL ROACHE (collectively, "Defendants"), is hereby entered into by and between the aforementioned parties as follows:

WHEREAS, Plaintiff has caused to be instituted the above-styled lawsuit against the Defendants, alleging, amongst other things, violations of the Fair Labor Standards Act, 29 U.S.C. '201, et seq. (the "FLSA"), in the United States District Court for the Southern District of Florida; and

WHEREAS, the parties attended a Court-ordered Settlement Conference on March 14, 2017 before the Honorable Jonathan Goodman, Magistrate Judge for the United States District Court for the Southern District of Florida, during which a settlement of the above-styled action

was reached; and

WHEREAS, At the conclusion of the Settlement Conference, Judge Goodman entered the settlement terms into the record, and indicated that the parties, at their choosing, could reduce their agreement to writing, even though the settlement announced by the Court on the Court record was independently enforceable, the parties nonetheless have chosen to prepare and execute a formal stipulation for settlement which this Agreement is intended to embody, setting forth the material terms of the parties' settlement; and

WHEREAS, the Defendants deny any liability to the Plaintiff whatsoever and more specifically, vehemently contend that they have no liability to the Plaintiff in any respect or manner, including, but not limited to any liability pursuant to the FLSA, but have made a business decision to avoid the cost of defense of this matter, and to avoid the uncertainties and expense of further litigation, and

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the parties as follows:

1. **Dismissal With Prejudice**. Per the Order of the Court dated March 14, 2017, the District Judge has dismissed this case without prejudice, subject to final approval of the parties agreement to settle this case. Thus, in conjunction with the terms of this Agreement, the parties shall be filing a joint motion to approve the settlement reached, and shall jointly ask the Court to enter an order dismissing this case with prejudice. It is understood that no monies shall be paid to the Plaintiff pursuant to paragraph 2 below until the case is dismissed with prejudice by order of the Court.

2. **Settlement Payments**: In exchange for the mutual promises exchanged herein, the Defendants agree to pay the Plaintiffs and their attorney the gross sum of $25,000.00

(Twenty Five Thousand Dollars and 00/100) representing a reasonable compromise and settlement and payment of Plaintiff's alleged damages, liquidated damages, attorney's fees and costs, and Plaintiff represents that said funds are a fair compromise of what he would be entitled to receive from the Defendants in conjunction with any and all of the claims against the Defendants, and that the settlement encompassed by the terms of this Agreement represent a fair and reasonable compromise of a contested claim. The payment to Plaintiff and his counsel shall be in the form of three (3) checks (as outlined below) shall be delivered to Plaintiffs' counsel within ten (10) days of the Court's final approval of the settlement embodied herein, and the order of dismissal with prejudice. No sums shall be disbursed by Plaintiffs' counsel (if received prior to the time that the Court reviews this Agreement) until the parties' receipt of the Court's Order approving this settlement. The payment shall be in the form of three (3) checks made payable to Plaintiffs and Plaintiffs' Counsel as follows:

(a) A check payable to Plaintiff in the amount of Eight Thousand Seven Hundred Fifty Dollars and 00/100 ($8,750.00), less withholding, tax and other required deductions covering his alleged back wages for overtime for which a W-2 shall issue.

(b) A check payable to Plaintiff in the amount of Eight Thousand Seven Hundred Fifth Dollars and 00/100 ($8,750.00) covering liquidated damages for which an IRS Form 1099 shall issue.

(c) A check in the amount Seven Thousand Five Hundred Dollars and 00/100 ($7,500.00), payable to Brian H. Pollock, Esq./the Fairlaw Firm representing Plaintiff's attorneys fees and costs.

Plaintiff agrees to the division of the proceeds as set forth above. Plaintiff and his counsel agree to report such payments to all appropriate taxing authorities, and to pay federal income

taxes and other taxes, if any, which are required by law to be paid, and further agree to indemnify and hold the Defendants harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental agency or any entity against Defendants for any amounts claimed due as a result of any nonpayment by Plaintiff or his counsel for funds paid to them under this Agreement. This indemnification does not apply to the withholding, tax and other deductions taken pursuant to sections 2(a) above, which Defendants are responsible for paying to the proper government agencies.

3. **Adequate Consideration**. Plaintiffs agree that the consideration being paid to them as set forth above constitutes adequate and ample consideration for the rights and claims they are waiving under this Agreement, and for the obligations imposed upon them by virtue of this Agreement.

4. **Mutual Releases**.

A. Except as specifically reserved in this Agreement, Plaintiff hereby releases and forever discharge the Defendants, (including SPS's current and former officers, directors, managers, members, agents, partners, trustees and employees) together with the Defendants' personal representatives, successors and assigns of all of the foregoing from any and all claims, demands, rights, actions, damages or causes of actions of any kind, known or unknown, contingent or otherwise, that exist now or in the future resulting from, in connection with or in any way arising out of their employment or positions with the Defendants, or the termination of their employment or positions with the Defendants from the beginning of the world to the date this Agreement is executed. This release includes, without limitation, any claims or demands for the following:

\*\* violation of any federal, state or local laws, rules, orders or regulations relating to

employment including, without limitation, the following laws and statutes, as amended, and all orders, rules and regulations promulgated thereunder: the Fair Labor Standards Act; Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act; the Americans with Disabilities Act of 1990; the Age Discrimination in Employment Act; the Older Workers Benefits Protection Act; the Employee Retirement Income Security Act of 1974; the National Labor Relations Act; the Rehabilitation Act of 1973; the Florida Whistleblower Protection Act (Sections 448.101-448.105, Florida Statutes); and/or any other federal, state or local laws, ordinances, or regulations, including but not limited to those prohibiting employment discrimination, such as the Florida Civil Rights Act of 1992; and Chapter 11A of the Miami-Dade County Code (dealing with employment discrimination);

\*\* wrongful discharge;

\*\* breach of any express contract of employment;

\*\* breach of any implied contract of employment;

\*\* negligent or intentional infliction of emotional distress;

\*\* defamation or slander;

\*\* assault;

\*\* battery;

\*\* false imprisonment;

\*\* invasion of privacy;

\*\* civil theft;

\*\* fraud;

\*\* discrimination based on age, sex, race, disability, marital status, religion or national origin;

\*\* sexual harassment;

\*\* breach of any implied covenant of good faith and fair dealing;

\*\* unpaid compensation of any nature including, without limitation, wages, overtime compensation, management incentive plan compensation and other bonuses, expense reimbursements, or commissions;

\*\* damages of any nature, including, without limitation, compensatory, general, special or punitive; or

\*\* costs, fees or other expenses incurred (including, without limitation, attorneys' fees). The foregoing list is meant to be illustrative rather than exhaustive. With the exception of the claim(s) identified in paragraph 4.B., below, PLAINTIFF ACKNOWLEDGES, AGREES, AND UNDERSTANDS THAT THIS RELEASE IS A FULL AND FINAL BAR TO ANY AND ALL OTHER CLAIMS OF ANY TYPE THAT HE HAD OR MAY NOW HAVE AGAINST THE DEFENDANTS UP THROUGH THE EFFECTIVE DATE OF THIS AGREEMENT. PLAINTIFF AGREES THAT THE MONIES HE IS RECEIVING UNDER THIS AGREEMENT FULLY COMPENSATE HIM FOR ANY OVERTIME PAY AND UNPAID WAGES OF ANY TYPE ALLEGEDLY DUE HIM FROM ANY OF THE DEFENDANTS, LIQUIDATED DAMAGES, AND ATTORNEY'S FEES AND COSTS, AND THAT HE HAS NO OTHER MONIES DUE HIM OF ANY KIND FROM THE DEFENDANTS. PLAINTIFF HAS CONSULTED WITH AND BEEN ADVISED BY AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.

B.   This release shall not apply to any claim for benefits, including any administrative claim, for workers' compensation benefits, vested benefits, attorneys' fees, and/or costs to which Plaintiff may be entitled pursuant to Chapter 440, Florida Statutes against Defendants and/or

Defendants' workers compensation carrier, as a result of the work-related injuries he suffered on or about February 24, 2015, which is specifically excluded from, shall not be adversely affected by, and shall survive this Settlement Agreement and General Release. This exception to the aforementioned Release is not meant to apply to any other claim against the Defendants other than the aforementioned claim(s) for workers compensation benefits, and any other claim unrelated to said benefits are knowingly and voluntarily released by Plaintiff. The aforementioned workers' compensation benefits claim is the only exception to the aforementioned Release.

5. **No Lawsuits or Claims.** Except as specifically set forth in paragraph 4.B., above, Plaintiff agrees not to institute, or have instituted by anyone, any other lawsuit or claim against the Defendants based on any other claims or rights. Plaintiff further acknowledges and agrees that, with respect to the rights and claims he waiving, he is waiving not only his right to recover money or any other relief in any action he might commence, but also his right to recover in any action brought on their behalf by any other party including, but not limited to, the United States Equal Employment Opportunity Commission, Department of Labor or any other federal, state, or local governmental agency or department, up through the effective date of this Agreement. This prohibition applies to every stage of any proceeding, including any trial, pretrial preparation, pre-litigation fact gathering and bars Plaintiff from testifying, providing documents or information, advising, counseling or providing any other form of assistance to any person or entity who wishes to make or who is making any claim against Defendants and/or its/their employees (current and former), except upon subpoena duly issued by a court or agency of competent jurisdiction and except as set forth in paragraph 4.B., above. In the event that Plaintiff voluntarily or knowingly institute, or become a party to, or are members of a class that institutes

any such action, Plaintiff's claim(s) shall be dismissed or class membership terminated immediately upon presentation of this Agreement, and Plaintiff shall reimburse Defendants for all legal fees and expenses incurred in defending such claims instituted with Plaintiffs' consent or ratification, and in obtaining the dismissal thereof.

6. **Employee Covenants**. Plaintiff, by his execution of this Agreement, acknowledges that he understands, agrees, covenants, represents and warrants that he has carefully read and understands this Agreement, and agrees that the Defendants have not made any representations other than those contained herein. Plaintiff also acknowledges that he enters into this Agreement voluntarily, without any pressure or coercion, and with full knowledge of its significance, and that it constitutes a FULL AND ABSOLUTE SETTLEMENT AND BAR AS TO ANY AND ALL CLAIMS HE HAVE, OR MAY HAVE HAD AGAINST THE DEFENDANTS OF EVERY KIND AND NATURE except as set forth in paragraph 4.B., above. Plaintiff further acknowledges that he consulted with an attorney of his choosing prior to signing this Agreement;

7. **Mutual Covenants**. The parties and each of them further understand, represent, warrant, covenant and agree that:

(a) this Agreement shall be binding upon, and shall inure to the benefit of, their heirs, personal representatives, successors and assigns;

(b) that other than as expressly provided in this Agreement, no party nor any agent, representative, officer, employee or attorney of a party nor any other person has agreed to provide any compensation, remuneration or other consideration whatsoever, or agreed to refrain from doing any act whatsoever, for the entering into of this Agreement by any party; and

(c) the entering into this Agreement by any party shall not be construed as an

admission by that party of any liability or wrongdoing whatsoever.

8.     **No Rehire/Neutral Reference.**

(a)    Plaintiff agrees not to knowingly reapply or otherwise seek employment in the future with the Defendants, nor will he knowingly work on the business premises or other property owned by the Defendants in the future as a contractor, vendor, or in any other capacity. Plaintiff will make no claim against Defendants based on a failure or refusal to rehire Plaintiff, and that should Plaintiff become inadvertently employed by Defendants in any capacity, that Defendants may terminate any such employment at any time without penalty of any kind.

(b)    Defendants shall, upon the request of future prospective employers, provide a neutral employment reference which shall indicate only the dates that Plaintiff worked for SPS, the position(s) that Plaintiff held, and his rate(s) of pay. Defendants shall not reference any claim or lawsuit by Plaintiff, nor the resolution thereof, nor shall Defendants provide any other information in said neutral reference. Defendants shall not be required to give any other information other than what is encompassed by the information required by this paragraph.

9.     **Non-Admission of Liability.** Plaintiff acknowledges that the Defendants are entering into this Agreement solely to avoid the cost of continued proceedings. In making this Agreement, the Defendants do not admit that they have any liability to the Plaintiff and, in fact, deny any liability to the Plaintiff whatsoever.

10.    **Severability.** The parties agree that if any provision of this Agreement or any part of any provision of this Agreement, other than the waiver and release provision in paragraphs 4 and 5 are found to be invalid by a court of competent jurisdiction, such finding shall not affect the validity of any other provision or part of this Agreement.

11.    **Entire Agreement.** This Agreement sets forth the entire agreement between the

parties hereto and fully supersedes and replaces any and all prior agreements or understandings, whether written or oral, between the parties relating to the subject matter hereof.

12. **Confidentiality; No Disparaging Comments.**

(a) Plaintiff and Defendants acknowledges that they have not disclosed the existence of this settlement to anyone other than their counsel and/or their spouse(s) (if any). The Parties agree that they shall not, except in a proceeding to enforce any of the provisions of this Agreement, or to seek approval of this agreement as set forth in paragraph 1, without the prior written consent of the other party, publicize or disclose to any third party, either directly or indirectly, the terms of or the existence of this Agreement or any of the terms or conditions of this Agreement. If either party is served with a subpoena or other legal process requiring the production or disclosure of this Agreement or any of the terms or conditions of this Agreement then that party, before complying, will immediately notify the other party and will use its best efforts to permit the other party a reasonable period of time to intervene and contest disclosure or production. It shall not be a violation of this Agreement for either party to disclose to its/his accountants, attorneys or other such professionals, in the course of providing necessary professional services, such as tax preparation or similar services.

(b) Each party covenants and agrees not to publicize, disseminate or otherwise make statements, or encourage or suggest to others to publicize, disseminate or otherwise make statements, that are in any way negative, disparaging or derogatory regarding the other party(s) and, in the case of the Plaintiff, regarding the Defendants or any former or present officer or director of the Defendants.

(c) Plaintiff agrees not to contact other employees or former employees of the Defendants for the purpose of suggesting to them in any way (or assisting them in any manner)

that they should file a claim of any kind against the Defendants. It is agreed that this settlement or any of its terms and conditions may not be used against the Defendants or Plaintiff in any other proceeding unless it is to enforce the Agreement. In the event of a breach of this provision which is proven in a court of law, it is agreed that the Defendants shall be entitled to a temporary, preliminary, and a permanent injunction against the breaching Plaintiff to prevent further breach (and without the necessity of posting bond or other security), as well as damages and any other relief the court deems appropriate.

(d) **Breach of This Agreement and Liquidated Damages.** The Parties promise to abide by the terms and conditions of this Agreement and agree that a breach of this Paragraph 12 of this Agreement is a material breach of this Agreement and that remedies at law are inadequate to protect all parties in the event of such a breach. Accordingly, without prejudice to any other rights and remedies otherwise available to the non-breaching Party, any party who breaches Paragraph 12 of this Agreement shall be liable to pay the sum equal to one half (1/2) of the total settlement amount set forth in paragraph 2 above, to wit: Twelve Thousand Five Hundred Dollars ($12,500.00), as liquidated damages to the non-breaching Party. The Parties agree that liquidated damages are appropriate for any such breach inasmuch as actual damages cannot be readily calculated, the amount of the liquidated damages is fair and reasonable under the circumstances, and the non-breaching Party would suffer irreparable harm if this clause was breached. This paragraph shall not bar any claim for damages or equitable relief that the non-breaching Party may have as a result of the breach of this Agreement, if he/it so elects to pursue same. Further, each party acknowledges that any Party would be irreparably injured by a violation of Paragraph 12 of this Agreement, and agree that non-breaching Party shall be entitled to an injunction restraining any further actual or threatened breach(es) of this Paragraph 12

instrument, notwithstanding that the parties hereto may not be signatories to the original or the same counterpart. The parties agree and acknowledge that a photocopy or facsimile copy of an executed signature or initialed page may be used in place of an original executed signature or initialed page for any purpose.

DATED as of the date first above written.

**PLAINTIFF**

_____
**DONALD MOYER**

**DEFENDANTS**

**SOUTHWEST PLUMBING SERVICES, INC.**
By:_____
Its_____

_____
**THOMAS WATSON**

_____
**PAUL ROACHE**

without any bond or other security being required. The aforementioned injunctive relief is without prejudice to, and in addition to any other rights to recover damages for any breach of Paragraph 12 that result from any breach, and/or other remedies otherwise available to the non-breaching Party.

13. **Disputes and Governing Law.** In the event of a dispute as to the interpretation or application of, or an alleged breach of, this Agreement, the parties agree that such dispute SHALL BE HEARD BY A JUDGE, NOT A JURY, in the Southern District of Florida. The parties further agree that this Agreement shall be governed by the laws of the State of Florida and where applicable, federal law. The parties agree that the district court shall retain jurisdiction to enforce the terms of this Agreement. The prevailing party in any such enforcement action shall be entitled to recovery of its/their reasonable attorney's fees and costs in connection with such enforcement, including an award of reasonable attorneys fees and costs related to any proceeding to determine the entitlement to and amount of, any attorneys fees and costs.

14. **Specific Performance.** In addition to any other remedies to which any party may be entitled, each party shall have the right and remedy to have the covenants made by the other party in this Agreement specifically enforced by any court of competent jurisdiction, it being agreed that any proven breach of any of said covenants would cause irreparable injury to the other parties and that money damages would not provide an adequate remedy to the other parties.

15. **Amendments.** The parties agree that this Agreement cannot be amended or modified except by a writing executed by all of the parties hereto or their respective attorneys, administrators, trustees, personal representatives, and/or successors.

16. **Counterpart:** This Agreement may be executed in counterparts, each of which shall be deemed an original, and the counterparts shall together constitute one and the same

instrument, notwithstanding that the parties hereto may not be signatories to the original or the same counterpart. The parties agree and acknowledge that a photocopy or facsimile copy of an executed signature or initialed page may be used in place of an original executed signature or initialed page for any purpose.

DATED as of the date first above written.

**PLAINTIFF**

_____
**DONALD MOYER**

**DEFENDANTS**

**SOUTHWEST PLUMBING SERVICES, INC.**
By: _____
Its _____

_____
**THOMAS WATSON**

_____
**PAUL ROACHE**